# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YAMIL ALEXSANDER HARE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIV. ACT. NO. 1:22-cv-438-TFM-N** |
| ) | |
| **OFFICER STACY MCELROY,** ) | |
| **individually and in his Official Capacity,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

On September 22, 2023, this Court entered an Order dismissing the Drug Enforcement Administration in this action. Doc. 20. In that Order, the Court noted that it would address the case as it pertains to Defendant Officer Stacy McElroy ("Officer McElroy") in a separate order. *Id.* On January 10, 2024, the Court entered a show cause order directing Plaintiffs to show cause on or before January 24, 2024 why Officer Stacy McElroy should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. No response was filed and the deadline has passed. As previously noted by the Court:

> The Complaint in this case was filed on November 2, 2022. Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."
>
> Additionally, Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

> Ninety days from the date the complaint was filed expired on January 31, 2023. To date there is no indication that Defendant Officer McElroy has been properly served. On November 7, 2022, Plaintiffs filed a request for a waiver of service as to Officer McElroy, but never filed a waiver of service or a proposed summons. On September 22, 2023, the Court issues its Memorandum Opinion and Order dismissing the remaining defendants from this action leaving only Defendant McElroy.
>
> At this point, over 11 months have passed since the expiration of the deadline for service and over a year since this case was initiated. There is still no sign that Defendant McElroy was ever served nor has Plaintiff filed anything in this case since the response to the dispositive motions on June 2, 2023.
>
> . . .
>
> Failure to respond will result in the dismissal without prejudice of Defendant McElroy and the entry of a final judgment entered pursuant to Fed. R. Civ. P. 58 on the Memorandum Opinion and Order issued on September 22, 2023.

*See* Doc. 21.

**A.      Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiffs failed to respond to the directive and they are represented by two counsel of record. Therefore, the Court finds it appropriate to dismiss for failure to prosecute.

**B.     Failure to Serve**

Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Ninety days from the date the complaint was filed expired on January 31, 2023. The Court entered a show cause order on why the remaining defendant should not be dismissed for failure to serve. No response was filed. Therefore, no good cause has been provided and the rule requires the Court to dismiss Defendant McElroy.

**C.     Conclusion**

As Plaintiffs failed to respond to the show cause order or otherwise address these issues, Defendant McElroy is **DISMISSED without prejudice** for failure to prosecute under Rule 41(b) and failure to serve under Rule 4(m). Each basis is independent of the other and provide sufficient cause for dismissal of this defendant.

This also resolves the rest of the case as the Court already issued a Memorandum Opinion and Order granting the United States' motion to dismiss and Defendant Mack's motion for judgment on the pleadings. As a result, the Court will issue final order separately pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 25th day of January, 2024.

>/s/ Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES DISTRICT JUDGE